PER CURIAM:
The claimants, Wilma L. Soto and Cruz Soto, seek an award of $7,348.27 from the *172 respondent, Division of Highways, for damage to their property. The claimants contend that the damage was caused by the respondent’s failure to maintain drainage ditches and a retaining wall near their house. The respondent contends that the damage was caused by factors unrelated to the ditches or the retaining wall.
On the afternoon of July 7, 1996, the claimants were in their house along Route 103 in McDowell County when water began flowing into their basement. The water flowed off Route 103, and it was diverted onto the claimants’ property through a large hole in a concrete block retaining wall. The wall was approximately ten feet high and located ten feet from the claimants’ house. Photographs of Route 103 indicate that the pavement surface was slightly higher than the roof on the house. The claimants notified the respondent’s office in McDowell County about the drainage problems along Route 103 and the poor condition of the drainage wall prior to July 7, 1996; however, the respondent did not take any action to correct the problem.
As a result of the flooding incident, the claimants assert that the water damaged their furnace and the basement walls and floor. Photographs of the claimants’ house indicated that the paneling, carpet, and tile floor coverings in the basement were severely damaged. The estimate cost to repair the basement walls and floor totals $3,700.00. Mr. Soto testified that a furnace located in the basement was also damaged by the water, but it remained fiinctional after the flood. The estimated cost to replace the furnace totals $2,350.00.
At the hearing of this claim, the claimants asserted that an air conditioner and a window were damaged by snow and other debris which were plowed over the retaining wall and onto their house during the respondent’s snow removal operations. However, the claimants did not specify these damages in their Notice of Claim, and they were unable to determine the dates on which the damage to the air conditioner and window occurred.
At the close of the claimants’ case in chief, the respondent made a motion to exclude all evidence pertaining to the air conditioner and window on the basis that the Court lacked jurisdiction over any damage caused by the respondent’s operation of motor vehicles. The Court informed both parties that it would take the motion under advisement and render a decision after reviewing the transcript.
Upon reviewing the entire record in this claim, the Court finds that the damage arising from the operation of the respondent’s snow removal vehicles was not alleged in the Notice of Claim and cannot be considered by the Court.
Ben Savilla, a claim investigator for the respondent, examined the retaining wall and the claimants’ house on November 6, 1996. Mr. Savilla determined that the wall was located on the respondent’s right-of-way, and several obstructions in the ditch line along Route 103 contributed to the flood damage. Mr. Savilla also stated that there were no gutters or down spouts on the back of the house, and any water that drained off the roof would collect in the back yard and flow toward the house.
*173 Wilson Butt, an engineer for the respondent’s maintenance division, accompanied Mr. Savilla during his examination of the claimants’ property. Mr. Butt testified that the retaining wall provided adjacent support for the roadway, and the respondent was responsible for maintaining the wall. Mr. Butt also noted that there were obstructions in the ditch line adjacent to Route 103 which created poor drainage conditions.
It is well established that the respondent has a duty to provide adequate drainage of surface water, and drainage systems must be maintained in a reasonable state of repair. Wayside United Methodist Church vs. Division of Highways, unpublished opinion issued April 4, 1995; Haught vs. Dept. of Highways, 13 Ct. Cl. 237 (1980). To establish liability on behalf of the respondent failed to protect their property from foreseeable flood damage.
Based on the evidence presented in this claim, the Court finds that the respondent had notice of the inadequate drainage system along Route 103 and the condition of the retaining wall adjacent to the road. The Court also finds that the respondent failed to maintain an adequate drainage system along the road, and this failure was the proximate cause of the claimants’ damages. Therefore, the Court makes an award to the claimants in the amount of $3,700.00.
Award of $3,700.00.